**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**UNITED STATES OF AMERICA,**

**v.**

**Case No. 3:26-cr-170-MMH-LLL**

**BRIAN G. BRIGHTMAN, et al.**

---

**DEFENDANT RASHAWN RANKIN'S RESPONSE IN OPPOSITION TO**

**THE GOVERNMENT'S MOTION FOR A DISCOVERY PROTECTIVE ORDER**

The Defendant, Rashawn Rankin, through his undersigned attorney, Richard Landes, Esq., opposes the Government's Motion For a Discovery Protective Order.

Rankin has been charged in a RICO drug trafficking conspiracy and faces the potential of life in prison. After having successfully fought to jail Rankin while he awaits trial, the Government cannot now seek to deprive Rankin of the right to see the discovery it needs to provide because he is now behind bars.

In support of it's Motion, the Government claims that at “least one member” of the conspiracy “has made efforts to intimidate” percieved informants and has made “thinly veiled threats.” The Government further states that “[a]nother associate” has threatened to intimidate witnesses. The Government names no names; to defense counsel's knowledge Rankin himself

has threatened no one, nor have any of his family been threatened. The Government did provide further information to defense counsel in a phone call, which counsel will not elaborate on in this writing. Because of these threats (and the potential for threats), the Government seeks a broad protective order prohibiting  Rankin from seeing the vital discovery materials pertinent to his very serious charges.

The Government may not understand the realities of representing an incarcerated individual. The Nassau County jail, where Rankin is being held, has an appointment only policy, an usually limits counsel visits to one hour. The most efficient use of counsel's time is to provde pertinent discovery to an accused *prior* to a visit, so that the client is prepared to go over particular reports and information, rather than have counsel make numerous visits to read discovery to the accused, which in a case like this will like run into the hundreds of pages if not more. The providing of discovery to an accused also allows for a second set of eyes to view the material and offer insights.  And how does limiting Rankin's right to see his discovery dissuade or prevent threats from being made?

That being said, defense counsel does not wish to present every bit of discovery to Mr. Rankin, only that which is deemed relevant.  But it should be defense counsel's choice, not the Government's. Defense counsel has no intention of providing discovery material to family members, nor will counsel seek to display any discovery materials on any social media platforms. To deny Mr. Rankin the right to see and read his discovery because some threats have been made by others  is a bridge too far.

**WHEREFORE**, the Defendant, Rashawn Rankin, for the above reasons, requests this Honorable Court deny the Government’s Motion For A Discovery Protective Order.

Respectfully submitted,

Richard Landes, Esq.

*s/Richard Landes*

Attorney for Defendant Rashawn Rankin

Florida Bar No. 71390

736 2nd St. N

Jacksonville Beach, FL 32250

904 343-4556

rjlandes@gmail.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 5, 2021, I electronically filed the foregoing motion with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Assistant United States Attorney Tysen Duva.

*s/Richard Landes*

Richard Landes